UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60504-CIV-SINGHAL

ADEILDO ANTONIO NOGUEIRA,

      Petitioner,

v.

Warden, KROME NORTH SERVICE
PROCESSING CENTER, *et al.,*

      Respondents.

_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Adeildo Nogueira's Petition for Writ of Habeas Corpus (DE [1]). Petitioner is a Brazilian native and citizen, and Immigration Customs and Enforcement encountered him during a February 19, 2026 traffic stop. (DE [13-2]). He was determined to be inadmissible as an arriving alien who had not been admitted or paroled and had not entered at a designated location. *Id.* On February 22, 2026, Petitioner was given a Notice to Appear before an immigration judge on March 9, 2026. (DE [13-3]). On February 23, 2026, Petitioner filed this Petition, alleging that he is entitled to bond. (DE [1]). The Court ordered a response, and the government responded.

Petitioner has not yet exhausted his administrative remedies. Before bringing a petition for writ of habeas corpus, a detainee must exhaust all other avenues of relief. *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015).[1] Here, the immigration judge has not yet held Petitioner's hearing. The immigration judge has not yet heard, let

---

[1] Respondents properly raised this issue, so the Court may deny the Petition on this basis alone. (DE [13] at 11). *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015).

alone denied, Petitioner's request for bond. Petitioner is afraid that his request will be denied, but he can still argue in front of the immigration judge why he is entitled to bond.[2] Because Petitioner has not exhausted his administrative remedies, this Petition is not properly before the Court. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Nogueira's Petition (DE [1]) is **DENIED WITHOUT PREJUDICE.** The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 5th day of March 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF

---

[2] Petitioners have routinely argued that seeking bond before an immigration judge is futile.  Last week however, a United States District Judge (USDJ) vacated the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) which had found in essence that immigration judges lacked authority to grant bonds.  While the USDJ likely thought she was helping Petitioners with that ruling, in reality, that judge made live the exhaustion of remedies argument here.